## DYE V. BANK OF PLANKINTON.

Where affidavits to support an attachment against an insolvent bank on the ground that it had disposed of its property with intent to defraud its creditors, and had secreted its property with like intent, contained no showing as to the amount of its original capital and resources, nor how long it had been insolvent, and the only proof that any property had been transferred, other than in the usual course of business, was a statement in plaintiff's affidavit which was disproved, and it appeared that the cashier who had charge of the bank when he abandoned it left all the bank's assets in charge of a trustworthy person, who turned them over to the sheriff, the proof was insufficient to sustain the attachment.

(Opinion filed October 7, 1902.)

Appeal from circuit court, Aurora county; Hon. FRANK B. SMITH, Judge.

Action by Warren Dye against the Bank of Plankinton. From an order dissolving an attachment, plaintiff appeals. Affirmed.

The facts are stated in the opinion.

*H. C. Preston, T. J. Spangler,* and *W. C. Cook,* for appellant.

The officers of the Bank are presumed to know the condition of the Bank, and the transactions in which it participates and which appear upon its books. Williams v. Mckay, 53 Am. Rep. 775; Cragie v. Hadley, 99 N. Y. 131-135.

Officers are held out to the public as having authority to act according to the general usage of their business; and their acts within the scope of such usage and of their several lines of duties will in general, bind the bank in favor of third persons who possess no other knowledge. 3 En. of Law (2d Ed). page 843-4; Case v. Citizen's Bank, 100 U. S. 446; McKiernan v. Lenzen, 56 Cal. 63; Jennings v. State Bank, 21 Pac. 852;

Wyman v. Hallowell, v. Bank, 7 Am. Dec. 194. 9 Am. Dec. 111; 45 Am. Dec. 290.

*S. H. Bakewell*, and *A. E. Hitchcock*, for respondent.

Where the allegations contained in the affidavit for attachment are denied, upon motion for dissolution, the burden then rests upon plaintiff to affirmatively sustain by competent evidence the truth of these allegations. Park v. Armstrong, 9 S. D., 269, 68 N.W., 739; Wilcox v- Smith, 4 S.D., 125, 55, N. W.; 1107; Pirie v. Berg, S.D., 64 N. W., 1130; Wyman v. Wilmarth, 1 S. D., 172 46 N. W., 190; Noyes v. Lane, 2 S. D., 55, 45 N.W., 323; Jones v. Meyer, S. D., 63 N. W., 773; Finch v. Armstrong, S. D., 68 N. W., 740; Casola v. Vasquez (Court of Appeals of New York, Oct. 15th, 1895).

The intent to defraud must exist as a fact and will not be sustained by evidence of a constructive fraud or fraud in law. Trebilcock v. Big Mo. Min. Co., 9 S.D. 206, 68 N.W., 331; First Nat. Bank v. McMillan, 9 S. D. 227, 68 N. W., 537; German Bank v. Folds, 9 S. D. 447, 69 N. W., 823

HANEY, P. J.   This appeal is from an order dissolving an attachment, the grounds of which are (1) that the defendant has disposed of his property with intent to defraud its creditors; and (2) that it has secreted its property, in part, with intent to defraud its creditors. Assuming that the acts of the cashier of the defendant bank were the acts of the corporation, and assuming that one creditor of an insolvent corporation may obtain a preference over its other creditors by first attaching its property, we will proceed ·to consider whether the alleged grounds of the attachment are established by a fair preponderance of the evidence. Upon the hearing of the motion to dis-

solve, numerous affidavits were read, containing, as is usual in such cases, much irrelevant and immaterial matter, many mere conclusions of the affiants, and a large amount of purely hearsay evidence. An exhaustive review of all these affidavits would extend this opinion beyond reasonable limits, and serve no useful purpose, as the elimination of immaterial, irrelevant, and incompetent portions requires nothing more than the application of elementary rules of law.

It appears that the defendant was a corporation engaged in the banking business in Plankinton, in this state, from 1885 to January 9, 1900, when its doors were closed by direction of Fred L. Stevens, who was its cashier from the time it began until it ceased to do business, and who during the last five years of that period was allowed to have exclusive control and management of its affairs; that Stevens left Plankinton on Saturday January 6th, leaving the bank in charge of Miss Maud Howard, who had been employed therein for some time, who had on more than one occasion been left in sole charge, and who is shown to have been in all respects thoroughly competent and reliable; that Miss Howard conducted the business of the bank in the usual manner, with no knowledge or intimation of impending difficulties, during that day and the following Monday; that after banking hours on Monday, January 8th, she received a letter from Stevens directing her not to open the bank on the following day; that she complied with the direction, retaining the keys to the bank, and refusing admission to any one until she surrendered possession to the sheriff, being advised so to do by her attorney; and that prior to the closing of the bank no one whose affidavit was read had any suspicion that the institution was financially embarassed. The

sheriff having obtained possession, an examination revealed that the bank was insolvent. How long it had been insolvent, is not shown. What was the amount of its original capital stock and resources, does not appear. There is no evidence tending to prove that any particular portion of its property was ever transferred or disposed of in any other than the usual course of business, except the statement in plaintiff's affidavit that certain bills receivable had been disposed of or secreted with intent to defraud creditors. Plaintiff is shown to have been mistaken in this regard by the affidavits of numerous makers of the notes referred to in his statement; by the affidavit of Miss Howard, who was familiar with the bank's books; and by the affidavit of the receiver, who appears to have made a careful examination of the same. As we read the record, it does not disclose any fact from which it can be inferred that one dollar's worth of the defendant's property was ever disposed of for the purpose of hindering or delaying its creditors. It is true, the bank became insolvent. It may have been financially embarassed for years. There may have been serious irregularities in the records and meetings of the directors and stockholders. Deposits may have been received after the bank was insolvent. But none of these facts consti tute the grounds for attachment alleged in this case. Had it been shown that the bank was at a certain time in possession of certain resources, which were not found when its property was seized by the sheriff, it might have required evidence to account for the absence of such resources, to overcome the inferences that the bank's property had been secreted or disposed of to prevent it from falling into the hands of the bank's creditors; but, as heretofore stated, no such showing was made.

When Stevens abandoned the bank, he left its property—all of it so far as the record discloses—in the possession of a reliable and trusted employe, where it could be, and was readily, found by the bank's creditors. There were no conveyances of real or personal property recorded; no property found in the possession of any person under circumstances tending to prove that Stevens had attempted to place any of the property beyond the reach of creditors. He may, during the closing days or years of the bank's career, have taken the funds received from one creditor to pay the bank's liabilities to another. There may have been, doubtless were, many unlawful and wrongful acts done by Stevens in his efforts to continue the bank in operation after it should have been closed because of its impaired financial condition. But a thorough examination and careful consideration of the entire record leads us to the conclusion that the facts constituting the grounds for the attachment in this action were not shown to exist, and that the court below was justified for this reason, if for no other, in sustaining defendant's motion to dissolve the same.

The order appealed from is affirmed.